UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Tamika Fleming and Nolan Fleming**<br><br>　　　　　　**Plaintiff,**<br>　-vs.-<br><br>**LoanCare, LLC**<br><br>　　　　　　**Defendant.** | **Case Number 21-495** |

Plaintiff, Tamika Fleming and Nolan Fleming, (hereinafter "Plaintiffs" or "Flemings"), by and through their counsel, as and for their complaint against LoanCare, LLC (hereinafter "LoanCare") for violations as set forth in RESPA (Regulation X) and TILA (Regulation Z); and for violations of the Fair Debt Collections Practices Act pursuant to 15 U.S.C. § 1692 *et seq* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for attorneys' fees, litigation expenses and costs pursuant to 28 U.S.C. § 2201 and § 2202, respectfully alleges and represents to this Court, upon information and belief as follows:

### PARTIES, JURISDICTION, AND VENUE

1.　The Flemings are the owner of residential real property, located at and commonly known as 136 Baldwin Road, Hempstead, NY 11550 (the "Family Home") which their family have occupied as their primary principal residence at all times relevant to this Complaint.

2.　Defendant, LoanCare, LLC (hereinafter "Defendant" or "LoanCare"), upon information and belief is a residential mortgage servicing company.

1

3. Upon information and belief, LoanCare, LLC is a Virginia Foreign Limited Liability Company which maintains its principal place of business at 3637 Sentara Way, Virginia Beach, VA 23452. Its agent for service of process within the State of New York is C/O CT Corporation System, located at 28 Liberty Street, New York NY 10005.

4. Upon information and belief, LoanCare is the current servicer of the Note executed by the Flemings (the "Note") and of a Mortgage on the Property that secures said Note (the "Mortgage"). Defendant services the Note and Mortgage (collectively referred to hereinafter as the "Loan"). LoanCare became the servicer of the Loan received from the prior servicer, CIT Bank, during their default period. LoanCare, as the current servicer of the Loan is subject to federal laws governing the servicing of mortgage loans.

5. LoanCare, failed in its duty to properly service Fleming's mortgage loan as set forth more fully herein-below, and since LoanCare was given an opportunity to correct the servicing errors via "**Notice of Error**" **on September 13, 2019**, *see Exhibit "A",* and did not do so. And again, on September 1, 2020, LoanCare was sent another Notice of Error to correct their errors. *See Exhibit "B".* LoanCare intentionally and willfully committed an intentional tort, directing the tortious behavior to New York, with the situs of the injury being Hempstead, New York. Additionally, LoanCare directed said behavior in the jurisdiction and venue where the brunt of the harm was felt, also being Hempstead, New York.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as this action arises under the Dodd-Frank Wall Drive Reform and Consumer Protection Act (DFA), the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601, *et seq*. (RESPA), and the Truth in Lending Act as contained in the Consumer Credit Protection Act as amended 15 U.S.C. §§1601, *et seq*. This action is filed to enforce regulations promulgated by the Consumer Finance Protection Bureau

(CFPB) that became effective on January 10, 2014, specifically, 12 C.F.R. §1024, *et seq.* of Regulation X and 12 C.F.R. §1026 *et seq* of Regulation Z.

7. This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. §1367.

8. Venue lies in this district pursuant to 28 U.S.C. §1391(b), as Plaintiffs reside and the Property is located in New York and the intentional tort committed by the defendant was directed at this venue as was the brunt of the harm.

## INTRODUCTION

9. By this action, Plaintiffs seeks declaratory, statutory and punitive damages for: violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§2601–2617, which proscribes specific practices related to the real estate settlement process; the Truth in Lending Act, as contained in the Consumer Credit Protection Act as amended 15 U.S.C. §§1601, *et seq.*, which protects consumers; violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; attorneys' fees, litigation expenses and costs pursuant to 28 U.S.C. §2201 and §2202;

## RELEVANT FACTS

10. The Flemings were in default of their mortgage and Tamika Fleming filed for a Chapter 13 bankruptcy on June 19, 2017. She also filed for loan modification within the Chapter 13 bankruptcy on June 19, 2017 and received an Order from Honorable Judge

Louis Scarcella on April 8, 2019. *See Exhibit "C".* **Order Approving Loan Modification**

11. On September 13, 2019, The Flemings sent a Notice of Error to LoanCare to request resolution of errors pursuant to 12 C.F.R. §1024.35 and 12 C.F.R. § 1026.41. *See Exhibit "A".* **September 13, 2019 Notice of Error**

12. On October 24, 2019, LoanCare responded to the Notice of Error, claiming that it was a systems error. "*The above listed mortgage account did not complete the modification update in the system until September, 2019*", yet they claim they had made no error. *See Exhibit "D".* **Response to Notice of Error**

## FIRST CAUSE OF ACTION

**Violation of 12 C.F.R. §1024.35(b)(11)**
**(Scope of Error Resolution)**

13. Plaintiff repeats, reiterates and re-alleges each and every statement and allegation contained in paragraphs 1 through 12 as if fully set forth herein.

14. 12 C.F.R. §1024.35(b)(11) provides in relevant part:

> "For purposes of this section, the term "error" refers to the following categories of covered errors: Any other error relating to the servicing of a borrower's mortgage loan."

4

15. The Flemings received a permanent loan modification from LoanCare, *see* **Exhibit "E"; Permanent Loan Modification**; and effective as of January 1, 2019.

16. LoanCare was made aware of their errors by Notice of Error for violations of 12 C.F.R. §1024.35(b)(11) by letters dated September 13, 2019. LoanCare responded to this Notice of Error by letter dated October 24, 2019. ***See Exhibit "D"***

17. In this letter, LoanCare admits that due to their systems; "The above listed mortgage account did not complete the modification update in the system until September 2019." In essence we have LoanCare saying their system didn't update until September, 2019. The deficiency in their "system" cannot become the problem of the borrower. They should not have to be frightened and frustrated because the servicer system errors cannot be fixed properly.

*18.* On September 13, 2019, and pursuant to 12 C.F.R. §1024.35(b)(11), the Notice of Error points out the incorrect monthly statements of 5/16/19; 7/16/19; and 8/16/19; which are all RESPA violations. ***See Exhibit "F".***

*19.* On September 1, 2020, and pursuant 12 C.F.R. §1024.35(b)(11), the Notice of Error points out the incorrect monthly statements from 9/16/19 to the present; which are all RESPA violations. ***See Exhibit "B".***

20. Every monthly periodic billing statement from January 1, 2019 to present, has been incorrect purporting to amount to approximately nineteen (19) erroneous statements. The total amount due, escrow and taxes due, fees and charges, etc. LoanCare has continued to disregard the terms of the final loan modification thereby accounting for at least 19 violations.

21. Additionally, on April 8, 2019, a federal bankruptcy judge signed an Order that the Flemings are current on their mortgage; while LoanCare continued to egregiously

disregard the federal judges Order. *See* **Exhibit "C".** They have continuously falsely indicated that the Flemings are delinquent while they were current.

22. As a result of LoanCare's actions, LoanCare is liable to the Flemings for actual damages, statutory damages, costs, and attorney's fees.

23. Plaintiff sustained actual damages including but not limited to quantifiable interest added to the loan account as a result of the incorrect balances allegedly owed, improper charges to their mortgage account, as well as postage costs for the Request for Information and Notice of Error sent. LoanCare is liable for three (3) Regulation X violations for each of the Flemings at $2,000 per violation for three (3) violations; and for two (2) consumers; accounting for $12,000 in statutory violations.

## SECOND CAUSE OF ACTION

**Violation of 12 C.F.R. §1024.35(b)(2)**
**(Failure to Apply an Accepted Payment)**

24. Plaintiff repeats, reiterates and re-alleges each and every statement and allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25.     12 C.F.R. §1024.35(b)(2) provides in relevant part:

*"For purposes of this section, the term "error" refers to the following categories of covered errors: Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law."*

26. The Flemings received a permanent loan modification from LoanCare, *see* **Exhibit "E"**; and effective as of January 1, 2019.

27. LoanCare was made aware of their errors by Notice of Error for violations of 12 C.F.R. §1024.35(b)(2) by letters dated September 13, 2019. Yet they made no attempt to correct their errors.

28. Every monthly periodic billing statement from January 1, 2019 to present, has been incorrect purporting to amount to approximately nineteen (19) erroneous statements. The periodic monthly mortgage statements fail to reflect the proper application of their monthly payments received by LoanCare of principal, interest and escrow. LoanCare has continued to disregard the terms of the final loan modification thereby accounting for at least 19 violations.

29. Additionally, on April 8, 2019, a federal bankruptcy judge signed an Order that the Flemings are current on their mortgage; while LoanCare continued to egregiously disregard the federal judges Order. **See Exhibit "C"**. **Judge's Order Approving Loan Modification**. They have continuously falsely indicated that the Flemings are delinquent while they were current.

30. As a result of LoanCare's actions, LoanCare is liable to the Flemings for actual damages, statutory damages, costs, and attorney's fees.

31. Plaintiff sustained actual damages including but not limited to quantifiable interest added to the loan account as a result of the incorrect balances allegedly owed, improper charges to their mortgage account, as well as postage costs for the Request for Information and Notice of Error sent.

## THIRD CAUSE OF ACTION

**Violation of 12 C.F.R. §1024.35(b)(3)**
**(Failure to Credit a Payment)**

32. Plaintiff repeats, reiterates and re-alleges each and every statement and

allegation contained in paragraphs 1 through 31 as if fully set forth herein.

33.     12 C.F.R. §1024.35(b)(3) provides in relevant part:

*"For purposes of this section, the term "error" refers to the following categories of covered errors: Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt."*

34. The Flemings received a permanent loan modification from LoanCare, **See Exhibit "E"**; **Permanent Loan Modification**; and effective as of January 1, 2019.

35. LoanCare was made aware of their errors by Notice of Error for violations of 12 C.F.R. §1024.35(b)(3) by letters dated September 13, 2019 and again on September 1, 2020. Yet they made no attempt to correct their errors.

36. Every monthly periodic billing statement from January 1, 2019 to present, has been incorrect and amounting to approximately nineteen (19) erroneous and false statements. The periodic monthly mortgage statements fail to reflect the proper credit of the payments on the date of receipt of their monthly payments received by LoanCare. LoanCare has continued to disregard the terms of the final loan modification thereby accounting for at least 19 violations in their monthly periodic billing statements.

37. Additionally, on April 8, 2019, a federal bankruptcy judge signed an Order that the Flemings are current on their mortgage; while LoanCare continued to egregiously

disregard the federal judges Order. **See Exhibit "C". Judges Order Approving Loan Modification.** They have continuously falsely indicated that the Flemings are delinquent while they were current.

38. As a result of LoanCare's actions, LoanCare is liable to the Flemings for actual damages, statutory damages, costs, and attorney's fees.

39. Plaintiff sustained actual damages including but not limited to quantifiable interest added to the loan account as a result of the incorrect balances allegedly owed, improper charges to their mortgage account, as well as postage costs for the Request for Information and Notice of Error sent.

## FOURTH CAUSE OF ACTION

**Violation of 12 C.F.R. §1026.41 (d)**
**(Content of the Periodic Billing Statement)**

40.     Plaintiff repeats, reiterates and re-alleges each and every statement and allegation contained in paragraphs 1 through 34 as if fully set forth herein.

41.     12 C.F.R. §1026.41(d) provides in relevant part: "The periodic statement required by this section shall include:" amount due; payment due date; late fees; breakdown of principal, interest and escrow; past due amounts, etc.

42.     Every monthly periodic billing statement from the date of the loan modification to the present, was incorrect and in clear violation of the Truth in Lending Act. The statement amounts, late fees, etc were incorrect on each statement. *See Exhibit "F".*

43.     As a result of LoanCare's actions, LoanCare is liable to the Flemings for actual damages, statutory damages, costs, and attorney's fees.

9

44. Plaintiff sustained actual damages including but not limited to quantifiable interest added to the loan account as a result of the incorrect balances allegedly owed, improper charges to their mortgage account, as well as postage costs for the Request for Information and Notice of Error sent.

## FOURTH CAUSE OF ACTION

**Violation of 12 C.F.R. §1024.35(b)(5)**
**(Imposition of a Fee or Charge)**

45. Plaintiff repeats, reiterates and re-alleges each and every statement and allegation contained in paragraphs 1 through 44 as if fully set forth herein.

46.    12 C.F.R. §1024.35(b)(5) provides in relevant part:

*"For purposes of this section, the term "error" refers to the following categories of covered errors: Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower."*

47. The CFPB defined the term "reasonable basis" for purposes of interpreting §1024.35(b)(5) to prevent the imposition of fees that are not bona fide, such as:

> "●A late fee for a payment that was not late;
> ●A charge imposed by a service provider for a service that was not late;
> ●A default property management fee for borrowers that are not in a delinquency status that would justify the charge; or
> ●A charge for force-placed insurance in a circumstance not permitted by § 1024.37"

48. The Flemings received a permanent loan modification from LoanCare, **See Exhibit "E"**; and effective as of January 1, 2019.

49. LoanCare was made aware of their errors by Notice of Error for violations of 12 C.F.R. §1024.35(b)(5) by letter dated September 1, 2020. Yet they made no attempt to correct their errors.

50. Every monthly periodic billing statement from January 1, 2019 to present, has been incorrect and amounting to approximately nineteen (19) erroneous and false statements. The periodic monthly mortgage statements fail to reflect the proper credit of the payments on the date of receipt of their monthly payments received by LoanCare. LoanCare has continued to disregard the terms of the final loan modification thereby accounting for at least 19 violations in their monthly periodic billing statements.

51. Additionally, on April 8, 2019, a federal bankruptcy judge signed an Order that the Flemings are current on their mortgage; while LoanCare continued to egregiously disregard the federal judges Order. **See Exhibit "C".** They have continuously falsely indicated that the Flemings are delinquent while they were current.

52. Here, LoanCare is imposing unauthorized and unjustifiable fees on Plaintiff's mortgage account. For example, Plaintiff's mortgage statements dated 10/16/2019, 11/18/2019, 12/16/2019 and virtually every month is riddled with "additional fees", "legal fees"; which is annexed hereto as **Exhibit "K"**. Upon information and belief, LoanCare has charged a multitude of such fees during the period in question. **See Exhibit "K".**

53. There is no justification for charging said fees since the borrower is in an active Chapter 13 Bankruptcy and afterwards having made all of the proper payments as

11

required. In other words, there is no delinquency therefore no reasonable basis to justify charging such fees.

54. LoanCare was apprised of the improper fees it charged on Plaintiff's mortgage account on or about September 19, 2019, when it received Plaintiff's first NOE and again on September 1, 2020, when it received their second NOE.

55. Although LoanCare received notice of the allegations of these improper fees, they did not remove or credit the Flemings for those fees, thus creating additional actual damages.

56. As a result of LoanCare's willful and illegal actions, LoanCare is liable to the Flemings for actual damages resulting from the improper and baseless fees, as well as for statutory damages, costs and attorney's fees. LoanCare has blatantly posted 18 entries for improper fees in their transaction activity and on their periodic billing statements; for a total of 18 violations of 12 C.F.R. §1024.35(b)(5).

57. Plaintiff sustained actual damages including but not limited to quantifiable interest added to the loan account as a result of the incorrect balances allegedly owed, improper charges to their mortgage account, as well as postage costs for the Request for Information and Notice of Error sent.

## FIFTH CAUSE OF ACTION

### Violation of 12 C.F.R. §1024.36(d)(2)(B) and §1024.35(b)(11)
### (Failure to acknowledge receipt of borrower's notice of error and to timely respond)

58.     Plaintiff repeats, reiterates and re-alleges each and every statement and allegation contained in paragraphs 1 through 57 as if fully set forth herein.

59.     Plaintiff's NOE was mailed on September 13, 2019 and received by the defendant on September 19, 2019. *See* **Exhibit "A"**. Plaintiff's second NOE was mailed on September 1, 2020 and received by the defendant on September 8, 2020. *See* **Exhibit "B"**.

60.     In both cases, the Defendant failed to acknowledge receipt within five (5) days of the RFI and/or NOE as required by 12 C.F.R. §1024.35(d): *"Within five days of a servicer receiving a notice of error from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the notice of error."*

61.     Defendant responded by letter dated October 17, 2019, *see Exhibit "G";* asking for more time to answer the NOE and RFI when they had five days to acknowledge and were already close to a month late in their acknowledgement. *See Exhibit "G".*

62.     The second NOE acknowledgement letter by LoanCare was due on September 15, 2020 and has failed to respond; also in violation of 12 C.F.R. §1024.35(d) and §1024.35(e)(3)(i)**.**

63. LoanCare has a pattern of practice of simply ignoring any of the time constraints

13

required to respond so that the Flemings can proceed in a timely fashion to dispute these errors. These errors simply dig the Plaintiff into a deeper hole and dominos into further problems and default. LoanCare had no intention of correcting their errors had they not been made aware of these errors; and it is even questionable as to whether they had knowledge and intent to intentionally commit these errors in attempt to harm the Plaintiff.

64. Plaintiff sustained actual damages including but not limited to illegal and unauthorized fees which were wrongfully added to Plaintiff's mortgage account, as well as postage costs for the Request for Information and Notice of Error sent to the defendant. The defendant is also liable to Plaintiff for statutory damages resulting from the pattern and practice of violations committed on Plaintiff's mortgage account.

## SIXTH CAUSE OF ACTION

**Violation of the Fair Debt Collection Practices Act**
**(Misrepresenting the legal status and character of a debt)**

65. Plaintiff restates and reincorporates all allegations contained in Paragraphs 1 through 64 as if fully restated herein.

66. Defendant, LoanCare, is a debt collector within the meaning of 15 U.S.C. §1692(a)(6) because it acquired and began servicing the loan in question after it became delinquent.

67. 15 U.S.C. §1692(e) states in relevant part:

"Any debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

(2) The false representation of:
(A) the character, amount or legal status of any debt.

68. Defendant's conduct in misrepresenting the amount owed on Plaintiff's mortgage account on at least nineteen (19) mortgage statements, as well as in charging unauthorized, unjustifiable fees on said account is in violation of §1692(e)(2) of the FDCPA.

69. LoanCare sent notice on October 4, 2019, *see* **Exhibit "H",** that the Flemings were wrongfully late on their mortgage payment by two (2) months. And on October 8, 2019, *see* **Exhibit "I"**, that the Flemings wrongfully missed their payments. And on October 22, 2019, *see* **Exhibit "J",** that the Flemings were wrongfully in default by $24,234.36, when in fact they were current. They wrongfully added late charges to the balance due to LoanCare.

70. LoanCare has intentionally and maliciously ignored the loan modification signed by the federal bankruptcy judge, the Honorable Louis A Scarcella on April 8, 2019. The Flemings have been on time since the loan modification and yet LoanCare has been reporting them late on multiple occasions.

71. As a result of each of LoanCare's willful and intentional violations of the FDCPA, the Flemings have been anxious and scared that this will affect the efforts they took to save their home. The Defendant is liable to the Flemings for a declaratory judgment that the

15

Defendant's conduct violated the FDCPA and that LoanCare cease collection activities immediately; actual damages pursuant to 15 U.S.C. §1692 k(a)(1); statutory damages in an amount up to $1,000.00 for each Plaintiff; from the Defendant pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney fees and costs from LoanCare pursuant to 15 U.S.C. §1692k(a)(3).

## CONCLUSION

72. Defendant's multitude of Regulation X and Z violations in this case are consistent with their continuing poor mortgage servicing practices and utter failure to comply with the RESPA and TILA regulations X and Z contained in 12 C.F.R. §1024.1 *et seq.* and 12 C.F.R. §1026.1 *et seq.* LoanCare currently has approximately 2,466 complaints on the Consumer Financial Protection Bureau complaint database.
https://www.consumerfinance.gov/data-research/consumer-complaints/search/?dataNormalization=None&dateRange=3y&date_received_max=2020-09-14&date_received_min=2017-09-14&searchField=all&searchText=loancare&tab=Map

73. Defendant's conduct is part of a pattern and practice of failing to properly service the Fleming's mortgage loan account and, pursuant to 12 U.S.C §2605 (f)(1)(B), plaintiff is entitled to statutory penalties for each and every violation of the regulations contained in 12 C.F.R. §1024.41 and §1024.35, as well as, the regulations contained in 12 C.F.R. §1026.36 and 15 U.S.C. §1692.

74. As a direct and proximate result of LoanCare's willful and illegal violations of Regulations X and Z and the other statutes above enumerated, Plaintiff has suffered and continues to suffer actual damages in the form of interest being charged on wrongful mortgage balance and unauthorized fees that were wrongfully incorporated into Plaintiffs' mortgage loan account, as well as postage, copying and travel costs and legal fees in attempting to correct LoanCare's errors. Plaintiffs have also suffered emotional distress, wasted time, frustration and humiliation associated

with falsely being accused of delinquency while becoming current in an active Chapter 13 Bankruptcy and making proper payments.

75. Due to the sheer number of violations present here, Plaintiffs can establish a pattern and practice of statutory violations that have occurred in connection with their mortgage loan account. As such, Plaintiffs are also entitled to statutory damages for each violation of Regulation X and Z.

## JURY DEMAND

76. Plaintiffs hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

## PRAYER FOR RELIEF

77. **WHEREFORE,** Plaintiffs pray that this Court enter its order granting judgment against LoanCare for the following:

A. For Plaintiff's actual damages, costs, and reasonable attorney fees as to each and every Count and for each Plaintiff;

B. For statutory damages of up to Two Thousand Dollars ($2,000.00) for each and every violation of RESPA and/or RESPA Regulations pursuant to Regulation X for each Plaintiff;

C. For statutory damages of up to Four Thousand Dollars ($4,000.00) for each and every violation of TILA and/or TILA Regulations pursuant to Regulation Z for each Plaintiff;

D. For actual and statutory damages of up to One Thousand Dollars ($1,000.00) for violations of the FDCPA for each Plaintiff;

17

    E.    For such other, further and different relief as this Honorable Court may deem just and proper.

DATED this 29th day of January, 2021.

> By: */s/ Darren Aronow*
> Darren Aronow, Esq.
> Aronow Law, P.C.
> 7600 Jericho Tpke, Suite 115
> Woodbury, New York 11797
> Tel.: (516) 762-6696
> Fax.: (516) 342-5685
> Email: Darren@dalawpc.com
> *Counsel for Plaintiff*

TO:    LoanCare, LLC

3637 Sentara Way,

Virginia Beach, VA 23452

CT Corporation System

28 Liberty Street,

New York NY 10005