UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
TAMIKA FLEMING and NOLAN FLEMING,           :   Civil Action No. 2:21-cv-00495
                                            :   (DRH)(SIL)
                           Plaintiffs,   :
                                            :
            -against-                      :   **DEFENDANT LOANCARE, LLC'S**
                                            :   **ANSWER**
LOANCARE, LLC,                              :
                                            :
                         Defendant.    :
                                            :
-----------------------------------------------------------------------x

        Defendant LoanCare, LLC ("Defendant") hereby submits its answer in response to the complaint of plaintiffs Tamika Fleming and Nolan Fleming (collectively "Plaintiffs") dated January 29, 2021, and states:

## PARTIES, JURISDICTION, AND VENUE

        1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one of the Complaint.

        2.    Defendant admits that as part of its business model, it services residential mortgage loans.

        3.    Defendant denies the allegations of paragraph three of the complaint, except admits that Defendant maintains a place of business at 3637 Sentara Way, Virginia Beach, VA 23452, and that CT Corporation Systems is an agent for service of process for Defendant.

        4.    Defendant denies the allegations of paragraph four of the Complaint, except admits that it services a loan secured by a mortgage on the property located at 136 Baldwin Road, Hempstead, New York 11550, and acquired the servicing of the loan from CIT Bank, and refers all questions of law to the Court.

5.      Defendant denies the allegations of paragraph five of the Complaint, and refers all questions of law to the Court.

6.      Paragraph six contains a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations set forth in paragraph six of the Answer.

7.      Defendant denies the allegations of paragraph seven of the Complaint, and refers all questions of law to the Court.

8.      Defendant denies the allegations of paragraph eight of the Complaint, and refers all questions of law to the Court.

## INTRODUCTION

9.      The allegations contained in Paragraph nine of the Complaint purport to list Plaintiffs' claims, to which no admission or denial is required of Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph nine of the Complaint, and refers all questions of law to the Court.

## RELEVANT FACTS

10.      Defendant admits the portion of paragraph ten of the Complaint to the extent it states that Plaintiffs were in default and that Tamika Fleming filed for Chapter 13 bankruptcy on June 19, 2017, and refers all questions regarding Tamika Fleming's bankruptcy filing to court records under case number 17-73723 in the United States Bankruptcy Court in the Eastern District of New York.

11.      Defendant states that the letter referred to in paragraph eleven of the Complaint is a written document that speaks for itself. Defendant denies the allegations in paragraph eleven to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the document.

12. Defendant states that the letter referred to in paragraph twelve of the Complaint is a written document that speaks for itself. Defendant denies the allegations in paragraph eleven to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the document.

## FIRST CAUSE OF ACTION

### Violation of 12 C.F.R. 1024.35(b)(11)
### (Scope of Error Resolution)

13. In response to the allegations of paragraph thirteen of the complaint, Defendant repeats and reiterates each and every denial contained in the paragraphs 1 through 12 of this answer as if set forth fully herein.

14. Defendant states no response is required to paragraph fourteen of the Complaint, as it is simply a recitation of a statute.

15. Defendant states that the document referred to in paragraph fifteen of the Complaint is a written document that speaks for itself. Defendant denies the allegations in paragraph fifteen to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the document.

16. Defendant states that the letters referred to in paragraph sixteen of the Complaint are written documents that speak for themselves. Defendant denies the allegations in paragraph sixteen to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the documents.

17. Defendant denies the allegations of paragraph seventeen of the Complaint, and refers all questions of law to the Court.

18. Defendant states that the letter referred to in paragraph eighteen of the Complaint is a written document that speak for itself. Defendant denies the allegations in paragraph eighteen to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the

documents. Defendant further denies the allegations of paragraph eighteen of the Complaint, and refers all questions of law to the Court.

19. Defendant states that the letter referred to in paragraph nineteen of the Complaint is a written document that speak for itself. Defendant denies the allegations in paragraph nineteen to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the documents. Defendant further denies the allegations of paragraph nineteen of the Complaint, and refers all questions of law to the Court.

20. Defendant denies the allegations of paragraph twenty of the Complaint, and refers all questions of law to the Court.

21. Defendant denies the allegations of paragraph twenty-one of the Complaint, states that the order referred to in paragraph twenty-one of the Complaint is a written document that speaks for itself, and refers all questions regarding Plaintiffs' bankruptcy filing to court records under case number 17-73723 in the United States Bankruptcy Court in the Eastern District of New York.

22. Defendant denies the allegations of paragraph twenty-two of the Complaint.

23. Defendant denies the allegations of paragraph twenty-three of the complaint, and refers all questions of law to the Court.

## SECOND CAUSE OF ACTION

**Violation of 12 C.F.R. § 1024.35(b)(2)**
**(Failure to Apply an Accepted Payment)**

24. In response to the allegations of paragraph twenty-four of the complaint, Defendant repeats and reiterates each and every denial contained in the paragraphs 1 through 23 of this answer as if set forth fully herein.

25. Defendant states no response is required to paragraph twenty-five of the Complaint, as it is simply a recitation of a statute.

26. Defendant states that the document referred to in paragraph twenty-six of the Complaint is a written document that speaks for itself. Defendant denies the allegations in paragraph twenty-six to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the document.

27. Defendant denies the allegations of paragraph twenty-seven of the Complaint.

28. Defendant denies the allegations of paragraph twenty-eight of the Complaint.

29. Defendant denies the allegations of paragraph twenty-nine of the Complaint, states that the order referred to in paragraph twenty-nine of the complaint is a written document that speaks for itself, and refers all questions regarding Plaintiffs' bankruptcy filing to court records under case number 17-73723 in the United States Bankruptcy Court in the Eastern District of New York.

30. Defendant denies the allegations of paragraph thirty of the Complaint, and refers all questions of law to the Court.

31. Defendant denies the allegations of paragraph thirty-one of the Complaint.

### THIRD CAUSE OF ACTION

**Violation of 12 C.F.R. § 1024.35(b)(3)**
**(Failure to Credit a Payment)**

32. In response to the allegations of paragraph thirty-two of the Complaint, Defendant repeats and reiterates each and every denial contained in the paragraphs 1 through 31 of this answer as if set forth fully herein.

33. Defendant states no response is required to paragraph thirty-three of the Complaint, as it is simply a recitation of a statute.

34. Defendant states that the document referred to in paragraph thirty-four of the Complaint is a written document that speaks for itself. Defendant denies the allegations in paragraph thirty-four to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the document.

35. Defendant denies the allegations of paragraph thirty-five of the Complaint.

36. Defendant denies the allegations of paragraph thirty-six of the Complaint.

37. Defendant denies the allegations of paragraph thirty-seven of the Complaint, states that the order referred to in paragraph thirty-seven of the Complaint is a written document that speaks for itself, and refers all questions regarding Plaintiffs' bankruptcy filing to court records under case number 17-73723 in the United States Bankruptcy Court in the Eastern District of New York.

38. Defendant denies the allegations of paragraph thirty-eight of the Complaint, and refers all questions of law to the Court.

39. Defendant denies the allegations of paragraph thirty-nine of the Complaint.

## FIRST FOURTH CAUSE OF ACTION[1]

**Violation of 12 C.F.R. § 1024.26(d)**
**(Content of Billing Statement)**

40. In response to the allegations of paragraph forty of the Complaint, Defendant repeats and reiterates each and every denial contained in the paragraphs 1 through 39 of this answer as if set forth fully herein.

---

[1] Plaintiffs' Complaint erroneously refers to two separate causes of action as the "Fourth Cause of Action". The Answer will refer to them as the First Fourth Cause of Action, and Second Fourth Cause of Action respectively.

6

41. Defendant states no response is required to paragraph forty-one of the Complaint, as it is simply a recitation of a statute.

42. Defendant denies the allegations of paragraph forty-two of the Complaint, and refers all questions of law to the Court.

43. Defendant denies the allegations of paragraph forty-three of the Complaint, and refers all questions of law to the Court.

44. Defendant denies the allegations of paragraph forty-four of the Complaint.

### SECOND FOURTH CAUSE OF ACTION

**Violation of 12 C.F.R. § 1024.35(b)(5)**
**(Imposition of a Fee or Charge)**

45. In response to the allegations of paragraph forty-five of the Complaint, Defendant repeats and reiterates each and every denial contained in the paragraphs 1 through 44 of this answer as if set forth fully herein.

46. Defendant states no response is required to paragraph forty-six of the Complaint, as it is simply a recitation of a statute.

47. Defendant states no response is required to paragraph forty-seven of the Complaint, as it is simply a recitation of a statute.

48. Defendant states that the document referred to in paragraph forty-eight of the Complaint is a written document that speaks for itself. Defendant denies the allegations in paragraph forty-eight to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the document.

49. Defendant denies the allegations of paragraph forty-nine of the Complaint.

50. Defendant denies the allegations of paragraph fifty of the Complaint.

51. Defendant denies the allegations of paragraph fifty-one of the Complaint, states that the order referred to in paragraph fifty-one of the Complaint is a written document that speaks for itself, and refers all questions regarding Plaintiffs' bankruptcy filing to court records under case number 17-73723 in the United States Bankruptcy Court in the Eastern District of New York.

52. Defendant denies the allegations of paragraph fifty-two of the Complaint.

53. Defendant denies the allegations of paragraph fifty-three of the Complaint, and refers all questions of law to the Court.

54. Defendant denies the allegations of paragraph fifty-four of the Complaint, and refers all questions of law to the Court.

55. Defendant denies the allegations of paragraph fifty-five of the Complaint.

56. Defendant denies the allegations of paragraph fifty-six of the Complaint, and refers all questions of law to the Court.

57. Defendant denies the allegations of paragraph fifty-seven of the Complaint.

## FIFTH CAUSE OF ACTION

**Violation of 12 C.F.R. § 1024.35(d)(2)(B) and § 1024.35(b)(11)**
**(Failure to acknowledge receipt of borrower' notice of error and timely respond)**

58. In response to the allegations of paragraph fifty-eight of the Complaint, Defendant repeats and reiterates each and every denial contained in the paragraphs 1 through 57 of this answer as if set forth fully herein.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fifty-nine of the Complaint.

60. Defendant denies the allegations of paragraph sixty of the Complaint.

61. Defendant states that the letter referred to in paragraph sixty-one of the Complaint is a written document that speaks for itself. Defendant denies the allegations in paragraph sixteen to the extent Plaintiffs misstate, misquote, or mischaracterize the language of the documents, and refers all questions law to the Court.

62. Defendant denies the allegations of paragraph sixty-two of the Complaint, and refers all questions of law to the Court.

63. Defendant denies the allegations of paragraph sixty-three of the Complaint.

64. Defendant denies the allegations of paragraph sixty-four of the Complaint.

## SIXTH CAUSE OF ACTION

### Violation of Fair Debt Collection Practices Act
### (Misrepresenting the legal status and character of a debt)

65. In response to the allegations of paragraph sixty-five of the Complaint, Defendant repeats and reiterates each and every denial contained in the paragraphs 1 through 64 of this answer as if set forth fully herein.

66. Defendant denies the allegations of paragraph sixty-six of the Complaint, and refers all questions of law to the Court.

67. Defendant states no response is required to paragraph sixty-seven of the Complaint, as it is simply a recitation of a statute.

68. Defendant denies the allegations of paragraph sixty-eight of the Complaint, and refers all questions of law to the Court.

69. Defendant states that the document referred to in paragraph sixty-nine of the Complaint are written documents that speak for themselves. Defendant denies the allegations in paragraph sixty-nine to the extent Plaintiffs make legal conclusions, misstate, misquote, or mischaracterize the language of the documents.

9

70. Defendant denies the allegations of paragraph seventy of the Complaint.

71. Defendant denies the allegations of paragraph seventy-one of the Complaint, and refers all questions of law to the Court.

## CONCLUSION

72. Defendant denies the allegations of paragraph seventy-two of the Complaint, and refers all questions of law to the Court.

73. Defendant denies the allegations of paragraph seventy-three of the Complaint, and refers all questions of law to the Court.

74. Defendant denies the allegations of paragraph seventy-four of the Complaint.

75. Defendant denies the allegations of paragraph seventy-five of the Complaint.

## JURY DEMAND

76. Defendant denies the allegations of paragraph Seventy-Six of the Complaint, and refers all questions of law to the Court.

## PRAYER FOR RELIEF

77. Defendant denies the allegations of paragraph seventy-seven of the Complaint, and refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

1. The Complaint and each purported cause of action in the Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiffs have not alleged any injury in fact.

4. Defendant's liability for Plaintiffs' claims, if any, is reduced by the doctrines of comparative negligence or contributory fault. At all times, the actions of Defendant were based on business justifications and were made in good faith.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, statutes of frauds, failure to mitigate alleged damages, acquiescence, mistake, release, accord, and laches.

6. Plaintiffs' claims are barred because Defendant's conduct was at all times undertaken in good faith.

7. Plaintiffs' claims are barred because there is no causal relationship between any injury Plaintiffs alleged they suffered and any act of Defendant.

8. Any damages Plaintiffs suffered were caused by the conduct of others and not by Defendant.

9. Plaintiffs are not entitled to any relief because they did not suffer damages as the result of any act or omission of Defendant.

10. Plaintiffs' claims are barred by the doctrine of avoidable consequence because of a failure to take necessary action to avoid the alleged damages.

11. Plaintiffs lack personal jurisdiction over Defendant by failing to properly serve the Complaint in a manner authorized by the N.Y.C.P.L.R. and/or Federal Rules of Civil Procedure.

USA.603691382.1/9XH

12. Defendant has complied with all applicable laws, statutes or regulations and has committed no violation thereof regarding Plaintiffs' mortgage.

13. Defendant reserves the right to assert any additional affirmative defenses based on information or knowledge obtained throughout the course of litigation.

WHEREFORE, having fully answered the Complaint and asserted affirmative defenses, Defendant requests an order of the Court dismissing the case or, alternatively, granting judgement in its favor and also respectfully request that the Court award it the costs and attorney's fees.

Dated: New York, New York
      May 27, 2021

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _____
Jessica Fischweicher
Nili Farzan
1290 Avenue of the Americas
New York, New York 10104
212-541-2000
*Attorneys for Defendant LoanCare LLC*